UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD, | No. 2:18-cv-00590 CKD P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JEFFREY SPIVAK, et al., | |
| Defendants. | |

Plaintiff, proceeding in this action pro se, has filed a civil rights complaint and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. For the reasons discussed below, the court concludes that the allegations in the complaint fail to state a claim. Accordingly, the court recommends that the action be dismissed without leave to amend and that plaintiff's application to proceed in forma pauperis in this court be denied as moot.

In his complaint, plaintiff alleges that Jeffrey Spivak, an Assistant United States Attorney, and Michael Chavez, a United States Postal Inspector, breached his plea agreement because they

could not actually prove the allegations in Count 10 of the federal indictment. ECF No. 1 at 8-9. As a result of this assertedly insufficient evidence, plaintiff alleges that he was unlawfully arrested, convicted, and imprisoned. Id. at 10. By way of relief, plaintiff seeks punitive damages, lost business earnings resulting from his incarceration, exemplary damages, the return of his forfeited property and bond amount in his federal criminal case, full and complete health insurance for the duration of his life, and first class travel to Mecca every month for his lifetime. Id. at 11-12.

Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 486–87 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [set aside]. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."); see also Martin v. Sias, 88 F.3d 774, 775 (9th Cir.1996) (holding that Heck 's requirements apply to Bivens actions). Plaintiff makes no showing that his underlying federal conviction or sentence was reversed, expunged, or otherwise invalidated; rather, it has led to his current detention as part of immigration removal proceedings. His claims are therefore Heck-barred.

For these reasons, plaintiff has failed to state a claim on which relief may be granted. Because the court cannot grant the relief sought by plaintiff, the complaint should be dismissed. In light of the obvious deficiencies as to claims presented and relief sought in this case, it would be futile to grant plaintiff leave to amend. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include ... futility."); see also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

IT IS HEREBY ORDERED that the Clerk of Court randomly assign this case to a District Court Judge.

/////

IT IS FURTHER RECOMMENDED that:

1. The action be dismissed without leave to amend.

2. Plaintiff's motion to proceed in forma pauperis in this court (ECF No. 2) be denied as moot.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 9, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mehm0590.prosef&r.docx